# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| WESLEY PHILLIPS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 18−cv–0472−MJR |
| RIGGS, and JOHN DOE | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Wesley Phillips, an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff suffered a seizure and was transferred to an outside hospital on March 15, 2017. (Doc. 1, p. 9). His restraints were removed for a doctor's examination, but after the examination was over, Riggs handcuffed him too tightly. *Id*. Plaintiff told Riggs that the handcuffs were cutting off his circulation, but his pleas were ignored. *Id*. Doe also examined the handcuffs and told Riggs that they looked tight, but took no action. *Id*.

Plaintiff asked Riggs again to loosen the cuffs, at which point Riggs grabbed the restraints and clicked them tighter, causing severe pain in Plaintiff's hands and fingers. *Id*. Doe failed to intervene. *Id*.

Plaintiff was then airlifted to Champaign, Illinois. (Doc. 1, p. 10). He told the tech that he was in unbearable pain due to the handcuffs, but Riggs told the technician that Plaintiff would be fine. *Id.* Plaintiff was strapped to a gurney for the flight; the gurney made his restraints more painful. *Id*. Plaintiff lost feeling in his right hand during the flight. *Id*. Upon arrival at the hospital, Plaintiff asked Riggs for medical personnel to examine his hands; Riggs ignored the request. *Id*. Plaintiff experienced spasms and pain in his right hand for the next 4 days. *Id*.

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 2 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claims survive threshold review:

> **Count 1** – Riggs and John Doe used excessive force on Plaintiff in violation of the Eighth Amendment when Riggs applied overly tight handcuffs to Plaintiff and Doe failed to intervene;
>
> **Count 2** – Riggs was deliberately indifferent to the serious medical need created by the overly tight handcuffs when he refused to secure medical attention for Plaintiff's injuries.

As to Plaintiff's **Count 1**, the intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). The factors relevant to this determination include: (1) the need for the application of force; (2) the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response. *Lewis v. Downey*, 581 F.3d 467, 477 (7th Cir. 2009); *Outlaw v. Newkirk,* 259 F.3d 833, 837 (7th Cir. 2001) (citation omitted).

Plaintiff has alleged that Riggs applied excessively tight handcuffs to him. Excessively tight handcuffs can be an example of excessive force. *Payne v. Pauley*, 337 F.3d 767, 779 (7th Cir. 2003); *Herzog v. Village of Winnetka*, 309 F.3d 1041 (7th Cir. 2002). Plaintiff has alleged

3

that as a result of the handcuffs, his right hand went numb and he experienced pain and spasms for days afterwards. This is a plausible allegation that Riggs used excessive force in applying the handcuffs too tightly, and **Count 1** will be permitted to proceed against Riggs.

Plaintiff has also made a plausible allegation against John Doe. Under the Eighth Amendment, a correctional officer may be held liable for failing to intervene if he or she has a realistic opportunity to step forward and protect a plaintiff from another officer's excessive force, but fails to do so. *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005). Plaintiff has alleged that John Doe observed Riggs handcuff him, noted that the handcuffs looked tight, but failed to take further action. On these facts, Plaintiff has articulated a viable claim for failure to intervene in the excessive force incident. **Count 1** will also proceed against John Doe.

As to **Count** 2, prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016).

Plaintiff has alleged that Riggs was aware that the handcuffs were too tight because Plaintiff explicitly complained about them, which caused Riggs to tighten them further. Plaintiff alleges that the handcuffs were painful, which is a plausible allegation of a serious medical need. He has further alleged that when he asked Riggs for medical treatment of the numbness and pain in his hands and wrist, Riggs refused. On these facts, Plaintiff has made a plausible claim of

deliberate indifference to serious medical needs against Riggs, and **Count 2** will be permitted to proceed.

## Pending Motions

Plaintiff's Motion for Recruitment of Counsel will be referred to United States Magistrate Judge Stephen C. Williams for disposition. (Doc. 3).

## Disposition

**IT IS HEREBY ORDERED** that **Counts 1 and 2** survive threshold review against Riggs and Doe.

The Clerk of Court shall prepare for Defendant **Riggs:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendant until such time as Plaintiff has identified him by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service addresses for this individual.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above

or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 11, 2018**

s/ MICHAEL J. REAGAN
**U.S. District Judge**