IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| WESLEY PHILLIPS #M-36893, | ) |
| Plaintiff, | ) |
| -vs- | ) No.   18-472-MJR-SCW |
| PATRICK RIGGS, et al., | ) |
| Defendants. | ) |

**ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, PATRICK RIGGS, by and through his attorney, Lisa Madigan, Attorney General for the State of Illinois, and in response to Plaintiff's Complaint, states as follows:

**I.   JURISDICTION**

Plaintiff:

A.   Plaintiff's mailing address, register number, and present place of confinement.

Wesley Phillips #M36893
10930 Lawrence Rd
Sumner, Illinois 62466

**ANSWER: Defendant admits the allegations contained in this paragraph.**

Defendant #1:

B.   Defendant c/o Riggs is employed as Correctional Officer with Illinois Department of Corrections.

At the time of the incident c/o Riggs was/is a Correctional Officer at Lawrence Correctional Center.

**ANSWER: Defendant admits he was employed by the IDOC as a correctional officer at Lawrence Correctional Center on March 15, 2017.**

Defendant #2:

    C.    Defendant John Doe is employed as Correctional officer with Illinois Department of Corrections.

At the time of the incident c/o John Doe was/is a Correctional officer at Lawrence Correctional Center.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

**II.    PREVIOUS LAWSUITS**

    A.    Have you begun any other lawsuits in state or federal court relating to your imprisonment? _____ Yes   ___X___ No

**ANSWER: To the best of Defendant's knowledge, this paragraph is admitted.**

**III.    GRIEVANCE PROCEDURE**

    A.    Is there a prisoner grievance procedure in this institution? ___X___ Yes  _____ No

    B.    Did you present the facts relating to your complaint in the prisoner grievance procedure? ___X___ Yes   _____ No

    C.    If your answer is YES,

        1.    What steps did you take?

I sent a Grievance to the Counselor, Grievance officer, warden, and the Administrative Review Board.

        2.    What was the result? See Attached

**ANSWER: Defendant denies Plaintiff has exhausted his administrative remedies prior to filing the instant suit.**

## IV.     STATEMENT OF CLAIM

On March 15th, 2017, I was subjected to "Guard Brutality".

**ANSWER: Defendant denies the allegations contained in this paragraph.**

On March 15th, 2017, I experienced a seizure and had to be immediately transferred to a hospital outside of Lawrence Corr. Center. At Lawrence hospital my restraints were removed, black box included, so I could be treated by the physician. After examination, the physician decided I needed further evaluation and treatment.

**ANSWER: Defendant admits the allegations contained in this paragraph.**

At that time, so I could be transferred to another medical facility, c/o Riggs approached this inmate and forcefully placed the restraints upon my wrist extremely tight. I told c/o Riggs that the restraints were extremely tight and felt to be cutting off the circulation in my hands and my pleas were ignored. Defendant (John Doe) looked at my restraints and stated to c/o Riggs that the restraints did look extremely tight, but neither Defendant c/o Riggs or Defendant (John Doe) did anything to lessen the pain I was experiencing.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

The standard regulations require that a finger should fit between an inmate's wrist and the restraints. Neither Defendant could fit a finger between the restraints, and without justification or provocation, c/o Riggs grabbed the restraints around my wrist, clicked the restraints tighter pushing the metal deeper into my skin causing severe pain in my hands and fingers. Defendant (John Doe) stood by and did nothing to interfere from the brutality being administered by Defendant c/o Riggs, "<u>failing to protect</u>" this inmate from further harm. Both Defendants unreasonably disregarded the excessive risk to my safety and their actions violated prison policy.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

Before boarding the helicopter which airlifted me to the hospital in Champagne. Illinois, I was checked on by the technician.  I informed the technician that I was starting to feel dizzy and that the pain in my hands and fingers were beyond unbearable, and the technician started to examine my condition, c/o Riggs told the technician that it was "security reasons" and that "I would be fine", causing the technician to disregard the examination and strap me to a stretcher for transfer.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

The straps placed over the already extremely tight restraints only worsened my condition. The flight time from Lawrence hospital to the Champagne, Illinois, was anywhere in between 45 minutes to an hour. During said flight, all feelings and function left my right hand.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

Upon arrival at the hospital in Champagne, Illinois, I informed Defendant c/o Riggs of my current condition in my right hand and asked if he could seek a medical personnel to check on my 'serious medical need'.  C/o Riggs ignored my request and showed "<u>Deliberate Indifference</u>" to a serious medical need.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

After waiting 10 to 15 minutes for the arrival of Defendant (John Doe) the restraint was removed from my right hand, and I was cuffed to a bed by my left hand.  For four days I experienced bouts of spasms and pains in my right hand.  I never received any type of medical attention in regards to the loss of function and feeling in my right hand.  Due to the actions of both Defendants I experience both mental and emotional pain and suffering.  The "unnecessary and

wanton infliction of pain" by said defendants violates my federally protected right to be "free from cruel and unusual punishment" 8th Amendment.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

At the time of Defendants C/o Riggs and Defendant (John Doe) actions, they were taken while "under color of state law".

**ANSWER: Defendant admits he was employed by the Illinois Department of Corrections on March 15, 2017 and acted under color of law.**

V.   **REQUEST FOR RELIEF**

$100,000 compensatory damages

$200,000 punitive damages

**Defendant denies Plaintiff is entitled to any relief whatsoever.**

VI.   **JURY DEMAND:**

**Defendant demands a trial by jury on claims in this matter.**

### AFFIRMATIVE DEFENSES

1. At all times herein, Defendant acted in good faith in the performance of his official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known.  Defendant is therefore protected from suit by the doctrine of qualified immunity.

2. Plaintiff's requests for injunctive relief not intended to address ongoing constitutional violations are barred by the Eleventh Amendment and the doctrine of sovereign immunity.

3. Plaintiff is a person incarcerated within the Illinois Department of Corrections at the time of filing this lawsuit.  Plaintiff has failed to exhaust his administrative remedies regarding

his claims in this lawsuit relating to his confinement. Therefore, his claims are barred by the Prison Litigation Reform Act, 42 U.S.C. § 1997. *See also Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

4. Plaintiff's claims for damages against Defendant in his official capacity is barred by the Eleventh Amendment and the doctrine of sovereign immunity.

5. Plaintiff seeks injunctive relief to direct the actions of the Illinois Department of Corrections. The requested relief is barred by the Prison Litigation Reform Act's limitations on injunctive relief.

Respectfully Submitted,

PATRICK RIGGS,

Defendant,

LISA MADIGAN, Attorney General
State of Illinois,

Attorney for Defendant,

By:   s/ Brett Furmanski
      Brett Furmanski, #6326924
      Assistant Attorney General
      500 South Second Street
      Springfield, Illinois  62701
      (217) 782-9014 Phone
      (217) 782-8767 Fax
      E-Mail:  bfurmanski@atg.state.il.us
         & gls@atg.state.il.us

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| WESLEY PHILLIPS #M-36893, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   No.   18-472-MJR-SCW |
| | ) |
| PATRICK RIGGS, et al., | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2018, the foregoing, *Answer to Plaintiff's Complaint,* was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

NONE

and I hereby certify that on the same date, I caused a copy of the foregoing document to be mailed by United States Postal Service, in an envelope properly addressed and fully prepaid, to the following non-registered participant:

Wesley Phillips #M-26893
Lawrence Correctional Center
10930 Lawrence Road
Sumner, IL  62466

Respectfully submitted,

s/ Brett Furmanski
Brett Furmanski, #6326924
Assistant Attorney General
Office of the Attorney General
500 South Second Street
Springfield, Illinois  62701
(217) 782-9014 Phone
(217) 782-8767 Fax
Email:  bfurmanski@atg.state.il.us